## ·Nomination of Dickson City Councilmen

*Leo G. Knoll, Milton J. Kolansky* and *Andrew J. Marko*, for appellants.

*John J. Sirotnak*, contra.

EAGEN, J., July 11, 1945.—Walter Ciesielski and Edward Zitterman by duly·filing petitions as electors of the Republican Party had their names placed upon the official ballot of the voting machines at the recent primary election, as candidates on the Republican ticket for the office of councilman in the second ward of the Borough of Dickson City, County of Lackawanna, wherein two councilmen were to be elected.

At said primary election by an irregular ballot, the names of two other individuals (John Golinski and Adam Sklanka) were stamped in for the same nomination in the places provided for on the official ballot for voting for a person for office whose name is not printed thereon.

The return of the election officers in the two districts of the ward disclosed that the two write-in candidates

received a majority of the votes cast and were nominees of the Republican Party for said office.

Counsel for Walter Ciesielski and Edward Zitterman filed exceptions with the County Board of Elections to the return of the vote made by the election officers. These exceptions were dismissed and the vote ordered computed and certified as returned. An appeal to this court from the Order of the Election Board followed, as provided for in the Pennsylvania Election Code of June 3, 1937, P. L. 1333, section 1407A.

The appeal will be dismissed. The exceptions to computing the vote as returned are without merit and highly technical to say the least.

It is not contended that any fraud was perpretated or that any irregularities existed in the conduct of the election. The principal reason assigned for rejecting the sticker votes is that the voters wrote in too much. The write-in votes were accomplished by the use of a stamp which contained the name of the candidate, his street address and number, and also the words "Councilman 2nd Ward". It is admitted that it was clearly the intention of the voters to vote for the individuals involved but it is argued that the use of the address and the office was in violation of the statute, Act of 1937, supra, particularly, sections 1003, 1215 and 1233, and 1405, which deal with so-called "write-in" votes. The case of Rodgers' Contested Election, 234 Pa. 512, is cited in support of this position. This authority is definitely distinguishable in many important and material respects. It concerned the interpretation of another statute. The stickers used were not placed or inserted in the proper space provided therefor on the paper ballots. A blanket sticker was used which completely obliterated the name or names of other candidates on the ballot running for office as well as other printed matter thereon. The Supreme Court held that such votes were illegal and should not be counted. This is not the present case. Herein no part of the regular

ballot was obliterated or covered; there was no dupli-cation of words; the "write-in" votes were in the proper space provided and the machine workings indicated the voting was regular and proper. To defeat the will of the voters under these circumstances would be a rank injustice. The office of councilman is to the average borough citizen an important post and his vote should not be destroyed and invalidated except for substantial reasons. In McCaffreys' Appeals, 337 Pa. 552, it was said at 559:

". . . only such marks [upon a ballot] as cannot be reasonably supposed to have been made by the voter except for the very purpose of distinguishing his ballot, and which are appropriate to that end [are sufficient to invalidate the ballot]."

Certainly the writing in of the office and the candi-date's address is not in this category.

It is also contended that certain "write-in" votes are ineligible and should, therefore, be rejected. We have carefully examined the ballot or machine roll. We find that in the second district each vote is perfectly stamped thereon, and clearly legible. In the first district, in the case of Golinski, the entire name is blurred in two in-stances and the first name in one instance. In the case of Sklanka, the entire name is blurred in one instance. In every other vote the names are perfectly clear and readily readable. If we were to reject these votes, namely, three in the case of Golinski, and one in the case of Sklankà, the result would not be changed and both individuals would still be the winners of the nomi-nations involved.

Finally it is submitted that the vote in the second district should be rejected because the official returns now fail to disclose the presence of either the numbered list of voters or the election officers' oaths. No effort was made to explain their absence. If the board failed to return these instruments they were derelict in their duty and such conduct is emphatically disapproved.

However, under all the circumstances, we do not feel that it warrants the disfranchising of the voters of this particular district. Return and Canvass of Vote for the Office of Council in the Sixth Ward of Old Forge Borough, 33 Lacka. Jurist 27, disclosed so many additional irregularities that it cannot be said to be controlling herein. Then again if we were to reject the entire vote in this district except the military ballots cast, it would be lost motion, since the final result complained of would remain unchanged. Golinski and Sklanka having received the majority of the remaining votes cast would be the winners of the nominations.

Now, July 11, 1945, the appeal is dismissed. Costs to be paid by the appellant.